ORIGINAL

Of Counsel:
**ROECA, LOUIE & HIRAOKA**
A Limited Liability Law Partnership, LLP

ARTHUR F. ROECA 1717-0
aroeca@rlhlaw.com
APRIL LURIA 4687-0
aluria@rlhlaw.com
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i   96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 29 2005

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

Attorneys for Defendant
Kay Bauman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MATTHEW KUOLT,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAI'I, DEPT. OF PUBLIC SAFETY, MEDICAL DIRECTOR, KAY BAUMAN, OCCC MEDICAL UNIT, DOCTOR ZIENKIEWICZ,<br><br>Defendants. | CIVIL NO. CV04 00489 HG KSC<br><br>DEFENDANT KAY BAUMAN, M.D.'S FINAL PRETRIAL STATEMENT; CERTIFICATE OF SERVICE<br><br>Final Pretrial Conference: January 5, 2006<br>Time: 9:00 a.m.<br>Judge: Magistrate Kevin S. C. Chang<br><br>Trial date: February 7, 2006 |

306-079\P.FinalPretrialStmt.wpd

## DEFENDANT KAY BAUMAN, M.D.'S
## FINAL PRETRIAL STATEMENT

Defendant Kay Bauman, M.D. ("Dr. Bauman"), pursuant to L.R. 16.6, submits the following Pretrial Statement:

A. <u>Party</u>. This pretrial statement is submitted on behalf of Kay Bauman, M.D.

B. <u>Jurisdiction</u>. Jurisdiction is in Federal District Court pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. There is no dispute as to venue in the instant action.

C. <u>Substance of Action</u>. Plaintiff Matthew Kuolt filed this lawsuit against Kay Bauman, M.D. ("Dr. Bauman") and other defendants alleging violations of his civil rights pursuant to 42 U.S.C. §1983 while Plaintiff was in the custody of the State of Hawai'i ("State") Department of Public Safety ("DPS") and an inmate at the Oahu Community Correctional Center ("OCCC") in Oahu, Hawai'i.

Plaintiff's Complaint, filed on August 9, 2004, alleges that Plaintiff was not provided timely or appropriate medical care for a fracture jaw he received during an assault on August 10, 2002. In general, Plaintiff alleges causes of action against Dr. Bauman and other defendants for violations of the Eighth and Fourteenth Amendments for deliberate indifference to his medical needs. Plaintiff

2

seeks general, special, compensatory and punitive damages. Plaintiff filed this lawsuit against Dr. Bauman individually and in her official capacity as Medical Director of DPS. Specifically, Plaintiff's Complaint alleges that Dr. Bauman was acting under "color of law" because she was an agent of the State and because she was responsible for training and supervising medical personnel and doctors.

Dr. Bauman was and currently is the Medical Director for DPS, however, Dr. Bauman was not personally involved in any alleged denial or delay of Plaintiff's medical care. As Medical Director for DPS, Dr. Bauman is responsible for various administrative and managerial aspects of the medical units of the Hawai'i Prison system and provides direct medical services to inmates.

Dr. Bauman treated Plaintiff one time during a chronic care clinic follow-up visit, which occurred on March 23, 2004. However, this was a regular check up scheduled to assess Plaintiff's HIV and Hepatitis C condition. This was the sole reason for why Dr. Bauman met with Plaintiff. Dr. Bauman did not treat Plaintiff that day for any complaints of any injury stemming from the assault which occurred on August 10, 2002. With the exception of seeing Plaintiff once for this routine visit, Dr. Bauman had no other involvement in any decision regarding Plaintiff's medical care.

3

D. <u>Undisputed Factual Issues</u>. All factual issues germane to the complaint are in dispute.

E. <u>Disputed Factual Issues</u>.

1. Whether Dr. Bauman violated Plaintiff's rights under the Eighth and Fourteenth Amendments by acting with deliberate indifference to Plaintiff's medical needs.

F. <u>Relief Prayed</u>. Plaintiff has requested general, special, compensatory and punitive damages. The amount of damages, if any, for which the Plaintiffs are entitled is in dispute.

G. <u>Points of Law</u>.

1. The Eleventh Amendment bars suits against state officials in their official capacity. ***Doe v. Lawrence Livermore Nat'l Lav***. 131 F.3d 836, 839. (9th Cir. 1997).

2. There is no respondeat superior liability under 42 U.S.C. § 1983. ***Polk v. County of Dodson***, 454 U.S. 312, 325 (1981).

3. A supervisor is only liable for constitutional violations of subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act to prevent them. ***Taylor v. List***, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may also be held liable if he or she implemented " policy so

4

deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. ***Redman v. County of San Diego***, 942 F.2d 1435, 1466 (9th Cir. 1991) (en banc). However, an individual's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." ***Ouzts v. Cummins***, 825 F.2d 1276, 1277 (8th Cir. 1987).

4. Delay of, or interference with, medical treatment can amount to deliberate indifference if the prisoner can show that the delay led to further injury. ***McGuckin v. Smith***, 974 F.2d 1050, 1060 (9th Cir. 1992) ***overruled on other grounds***, ***WMX Techs., Inc. v. Miller***, 104 F.3d 1133, 1136 (9th Circuit 1997).

5. To establish an Eighth Amendment violation, a prisoner must satisfy both the objective and subjective components of a two-part test." ***Hallett v. Morgan***, 296 F.3d 732, 744 (9th Cir. 2002); ***Toguchi v. Chung***, 391 F.3d 1051, 1057 (9th Cir. 2004). First, the prisoner must demonstrate that the prison official deprived him of the "minimal civilized measure of life's necessities." ***Hallett***, *supra* at 396 F.3d at 744. Second, the prisoner must demonstrate that the prison official acted with deliberate indifference in doing so. ***Id***.

6. A prison official acts with "deliberate indifference only if the prison official knows of and disregards an excessive risk to inmate health and safety". ***Gibson v. County of Washoe, Nevada***, 290 F.3d 1175, 1187 (9th cir. 2002).

7. Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. ***McGukin v. Smith***, 974 F.2d 1050, 1059 (9th Cir. 1992) ***overruled on other grounds***, ***WMX Techs., Inc. v. Miller***, 104 F.3d 1133, 1136 (9th Circuit 1997).

H. <u>Previous Motions</u>. On October 7, 2005 Dr. Bauman filed a Motion for Summary Judgment seeking dismissal of Plaintiff's Complaint. On October 7, 2005 the State of Hawai'i, Department of Public Safety, OCCC Medical Unit, and Dr. Zienkiewicz filed a Motion for Summary Judgment to which Dr. Bauman filed a written Joinder. Following a hearing on both of the motions, conducted December 12, 2005, Magistrate Kevin S. C. Chang filed a Findings and Recommendation to Grant Defendants' Motion for Summary Judgment.

I. <u>Witnesses to be Called</u>.

Dr. Bauman anticipates calling the following witnesses at trial:

1.   Kay Bauman, M.D.
     c/o Roeca Louie & Hiraoka
     841 Bishop Street, Suite 900
     Honolulu, Hawai'i 96813

     Defendant. This witness is expected to testify regarding liability and damages.

      2.     Dr. Zienkiewicz
           c/o Department of the Attorney General, State of Hawai'i
           425 Queen Street
           Honolulu, Hawai'i 96813
           Defendant. This witness is expected to testify regarding liability and damages.

      3.     Dr. Nguyen
           St. Francis Medical Center
           2230 Liliha
           Honolulu, Hawai'i
           Radiologist. This witness is expected to testify regarding liability and damages.

      4.     Custodian of Records
           Queen Emma Clinic
           The Queen's Medical Center
           1301 Punchbowl
           Honolulu, Hawai'i

           This witness will authenticate certain medical records concerning the Plaintiff.

      5.     Nurse E. Valente
           c/o Department of the Attorney General, State of Hawai'i
           425 Queen Street
           Honolulu, Hawai'i 96813

           This witness is expected to testify regarding liability and damages.

      6.     Nurse Wanna Bhalang
           c/o Department of the Attorney General, State of Hawai'i
           425 Queen Street
           Honolulu, Hawai'i 96813

           This witness is expected to testify regarding liability and damages.

Dr. Bauman reserves the right to call as a witness any individual identified by any other party.

- A. <u>Exhibits, Schedules and Summaries.</u>
    1. Medical records of Plaintiff.
    2. Curriculum Vitae of Kay Bauman, M.D.

- B. <u>Further Discovery Motions</u>.

    None

- C. <u>Stipulations</u>. None to date.

- D. <u>Amendments, Dismissals</u>. No amendments are anticipated. Dr. Bauman will maintain her right to dismissal of all claims against her as set forth in her motion for summary judgment.

- E. <u>Settlement Discussions</u>. None.

- F. <u>Agreed Statement</u>. Dr. Bauman would be willing to discuss an agreed statement.

- G. <u>Bifurcation, Separate Trial of Issues</u>. This case is not in need of bifurcation of issues.

- H. <u>Reference to Master or Magistrate Judge</u>. Dr. Bauman has no objection to referring this case to a Magistrate Judge.

I.  **Appointment and Limitation of Experts.** This case does not lend itself to appointment of a court designated expert.

J.  **Trial.** This trial is scheduled to begin on February 7, 2006.

K.  **Estimate of Trial Time.** This trial is expected to last a minimum of 5 days.

L.  **Claims of Privilege or Work Product.** There are no other matters claimed to be covered by a privilege or work product doctrine.

M.  **Miscellaneous.** None.

DATED: Honolulu, Hawai'i    DEC 29 2005    _____.

_____
ARTHUR F. ROECA
APRIL LURIA
Attorneys for Defendant Kay Bauman, M.D.

9


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MATTHEW KUOLT, | CIVIL NO. CV04 00489 HG KSC |
| Plaintiff, | CERTIFICATE OF SERVICE |
| vs. | |
| STATE OF HAWAI'I, DEPT. OF PUBLIC SAFETY, MEDICAL DIRECTOR, KAY BAUMAN, OCCC MEDICAL UNIT, DOCTOR ZIENKIEWICZ, | |
| Defendants. | |

306-079\P.FinalPretrialStmt.wpd

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly served by mail [M], hand-delivery [HD] or facsimile transmission [F] to the following at their last known address:

MATTHEW KUOLT                    [M]
#A0235531
Tallahatchie County Correctional Facility
P. O. Box 388
Tutwiler, MS 38963

Plaintiff Pro Se

CINDY S. INOUYE, ESQ.   [ 40 ]
KENDALL J. MOSER, ESQ.
Deputy Attorney General
Department of the Attorney General
Civil Rights Litigation Division
425 Queen Street
Honolulu, Hawai'i 96813

Attorneys for State of Hawai'i, Department of Public Safety,
OCCC Medical Unit, and Dr. Zienkiewicz

DATED: Honolulu, Hawai'i, _____DEC 2 9 2005_____.

_____
ARTHUR F. ROECA
APRIL LURIA
Attorneys for Defendant
Kay Bauman