ORIGINAL

In the United States District Court
For the District of Hawaii

| | |
|---|---|
| Matthew Kuolt<br>Plaintiff<br><br>vs.<br><br>State of Hawaii<br>Dept of Public Safety et.al.<br>Defendants | CV. 04-00489-HG, KSC<br><br>Plaintiffs<br>Pretrial Statement<br><br>FILED IN THE<br>UNITED STATES DISTRICT COURT<br>DISTRICT OF HAWAII<br><br>JAN 03 2006<br><br>at 12 o'clock and 29 min. PM<br>SUE BEITIA, CLERK |

Plaintiffs Pretrial Statement

Comes now Matthew Kuolt Plaintiff pro se and informa Pauperis Pursuant to LR 16.6

We therefore conclude that deliberate indifference to serious medical needs of prisoners Constitutes the "unnecessary and wanton infliction of Pain" Gregg V. Georgia. supra at 182-183, 96 sct at 2925 (Joint opinion). Proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their reponse to the prisoners needs or delaying access to Medical care or intentinally interfering with treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoners serious illness or injury states a cause of action

1

under § 1983 - Quoting Estelle V. Gamble 97 Sct at 291 [8].

Plaintiffs arguments for goverment Liability are contained in City of Canton Ohio V. Harris 109 Sct 1197 also Redman V. County of San Diego 942 F.2d 1435 at 1451 (B County policy)

Also in Farmer V. Brennan 114 Sct 1970 at 1978 [7] and here deliberate indifference is "equated" with "Reckless in the Criminal Law."
Also a fact finder may conclude that a prison offical (Defendants) knew of a Substantial Risk From the very fact that the risk was obvious. This is for individual and or personal or Official liability or which ever applies and correct.

(Formerly 78K13.12[5] Pretrial detainee, who alleged that he received serious and painful injuries to his eye and teeth, that he told the jailers of his injuries and his pain, that the jailers failed to procure medical aid for his eye and teeth for three months and that he suffered permanent injury to his eye and teeth as a result, stated cause of action for denial of competent medical care in violation of his due process rights. U.S.C.A. Const. Amend. 14

2

[7] Constitutional Law - 262
92 ---
92 XII Due Process of Law
92 K 256 Criminal Prosecutions
92 K 262 Arrest, Bail, Pretrial detention.
A pretrial detainee's due process right to be free from punishment is violated when a jailer fails to properly and reasonably procure competent medical aid for a pretrial detainee who suffers a serious illness or injury while confined. U.S.C.A Const. Amend. 14.

(Formerly 110 K 1213.10(1))
Convicted prisoner's right to be free from cruel and unusual punishment is violated when the jailer refuses to investigate prisoner's cries for help; additionally, right to be free from cruel and unusual punishment is violated if jailers failed to establish adequate patrol procedures; indifference to complaints with substance and known problems violates right to be free from cruel and unusual punishment. U.S.C.A. Const. Amend. 8

1147 A. Denial of Medical Care

[6] He allegedly was denied treatment for a period of some three months. As a result of the lack of treatment, Matzker allegedly suffered pain for three months and sustained permanent physical injury.

Prisons need not be country clubs, or even comfortable. But, in order to comply with the eighth amendment prohibition against cruel and unusual punishment, prison punishment must comport with "the evolving standards decency that mark the progress of a maturing society." Moreover, such punishment must not "involve the unnecessary and wanton infliction of pain," which includes those punishments that are "totally without penological justification."

Martin v. White, 742 F.2d 469, 473-74 (8th Cir. 1984)

While obviousness of risk of harm is not conclusive in establishing that a prison official owed duty to protect prisoner against such harm, and prison official may show that the obvious escaped him, official would not escape liability if evidence shows he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist U.S.C.A Const. Amend 8 Farmer V. Brennan 114 Sct. 1970 at 1971 at #13 Criminal Law 1213.10 (1) (1994)"

Plaintiff alleges Reckless indifference and a reckless disregard to plaintiffs serious Medical need as well as deliberate indifference ( and deliberate ignorance U.S. V. Jewell 532 F.2d 697 at 697 #5 #6. (9th 1976)

Eighth Amendment protection against deliberate indifference to prisoners health problems extends to conditions that threaten to cause health problems in the future as well as current health problems U.S.C.A. Const. Amend 8 Helling V. McKinney 113 Sct 2475 (1993) at 2476 #2 Criminal Law

On or about August-10-2002 Plaintiff Matthew Kuolt was hit by a violent blow to the side of his head. Delivered from a 293 pound inmate. Stunning Plaintiff putting him in shock and fracturing his jaw. blood was flowing from his mouth and ear. Clearly plaintiff Matthew Kuolt needed Emergency Care for a serious injury. Plaintiff Matthew Kuolt argues that deliberate indifference is demonstrated in defendant Doctor Zienkiewicz actions in denying Plaintiff adequate timely Care for a serious injury (Broken Jaw) Emergency care was not immediately given such as being transported to a Hospital emergency room where X rays and Neurological exam and Concussion exam would have been the common cause of Medical Action and required Course of Medical Action for a highly suspect Broken Jaw. When visually it was apparent that blood was dripping out of plaintiffs ear from a strong violent impact. The fact or after the fact that X rays were ordered 12 days later after Plaintiffs jaw had fused back together wrong and still no neurological exam to determine the extent of ~~nerve~~ nerve damage or Brain damage.

6

This clearly falls below a standard of care that should have been given for an obvious serious injury. Between the time the injury occured and the time he finally recieved a x ray he experienced serious pain, disorentation, coordination loss, blurred vision, headaches was unable to eat without serious pain loss of sleep, unable to concentrate, cognitive imparement numbness in face drooling from nerve damage dizzyness and confusion. Some of these described symptoms are constant and others are periodic this has affected his life significantly. Plaintiff has evidence of continueing injurys Had Plaintiff been treated and cared for immediately doctors may have been able to treat and minimize Nerve damage and Jaw dislocation and Brain Concussion. But we will never know what could have been avoided in respect to plaintiffs Continueing injurys because timely adquate care was never provided and the Critical Window is closed. Medical team and Doctor have a duty to provide adequate timely serious Care when injuries are as obvious as this was.

Defendants assertion that the opinion of Medical staff and the opinion of the Doctor override Common sense of what a reasonable person would understand for an obviously serious injury is not reasonable and set the standard for adequate timely Care for an Obvious serious injury higher than what the constitution allows because of opinion.

It is predictable that defendants will deny responsibility in providing adqueate timely care for a serious injury. Defendants say that treatment was given, this timely treatment was only for superfisual lacerations. There was no adequate timely treatment given for obvious serious injury. Plaintiff was thrown in the Hole to suffer.

To Date plaintiff still suffers from complications attributable to the denial of adquate timely Care for a Obvious serious injury

Plaintiff declares the statements made herein are true and based on personal Knowledge, under the penalty of Law to be true.

                       Respectfully Submitted

                       *Matthew Kuolt*
                       Matthew Kuolt
                       Plaintiff pro se

Dated: Dec-27-2005

In the United States District Court
For the District of Hawaii

| | |
|---|---|
| Matthew Kuolt<br>Plaintiff<br>Vs.<br>State of Hawaii<br>Dept of Public Safety<br>et, al. Defendants | Cv. 04-00489-HG, KSC<br><br>Certificate of Service |

## Certificate of Service

I hereby Certify that a true and correct copy of the foregoing document was duly served by mail on the following at his last known address via Mail postage pre paid

Kendall Moser
425 Queen Street
Honolulu, Hawaii 96813
Deputy Attorney General
For Defendants

Date Dec-27-2005

x Matthew Kuolt
Matthew Kuolt
plaintiff pro-se

10