IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MATTHEW KUOLT, | ) CIVIL NO. 04-00489 HG-KSC |
| Plaintiff, | ) ORDER DENYING MOTION FOR |
| | ) RECONSIDERATION |
| vs. | ) |
| STATE OF HAWAII, et al., | ) |
| Defendants. | ) |

**<u>ORDER DENYING MOTION FOR RECONSIDERATION</u>**

On December 12, 2005, this court entered a Findings and Recommendation to Grant Defendants' Motion for Summary Judgment in this action ("December 12 Findings"). Before the court is *pro se* Plaintiff Matthew Kuolt's "Opposition to Magistrate[']s Granting Summary Judgement for Defendants," ("Opposition"), dated January 6, 2006, and filed January 18, 2006. On January 12, 2006, before the Opposition was filed, but apparently after it was sent, the district court adopted the Findings and Recommendation and judgment was entered. Because the Opposition is dated January 6, 2006, before judgment was entered, and Kuolt is a prisoner, the court does not consider the Opposition moot. See <u>Houston v. Lack</u>, 487 U.S. 266 (1988); <u>Saffold v. Newland</u>, 250 F.3d 1262, 1265 (9th Cir. 2001). The court, therefore, construes Kuolt's Opposition as a Motion for Reconsideration of the

December 12, 2005 Findings and Recommendation and hereby DENIES the Motion for Reconsideration.

**LEGAL STANDARD**

A "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996). Rule 60(b)(6) of the Federal Rules of Civil Procedure allows relief from orders based on any "reason justifying relief from operation of judgment," so long as that reason involves "extraordinary circumstances." See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).

Mere disagreement with a previous order is an insufficient basis for reconsideration and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. Hawaii Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

**DISCUSSION**

The December 12 Findings found that: (1) Defendants were immune from suit for damages in their official capacities; (2) Defendant Dr. Kay Bauman was not liable in her individual capacity; (3) the remaining Defendants were not deliberately indifferent to Kuolt's medical needs; (4) all Defendants were entitled to qualified immunity; and (5) the court should not exercise supplemental jurisdiction over Kuolt's remaining state law claims.

Kuolt reargues that he received "superficial medical treatment," after he was assaulted by another inmate. (Motion at 1.) Kuolt states that any "reasonable person let alone a Medical Doctor or Medical personal [sic] would understand that a high probability existed and a certain likely hood that Plaintiff[']s jaw was broken." (Id. 2.) Kuolt claims that on the day of the assault he was dazed and confused and "could not adequately communicate his concern for the Broken jaw and his need for emergency care." (Id.) Kuolt alleges again that the medical care he received was insufficient and that this shows Defendants' deliberate indifference to his serious medical needs. Kuolt does not specifically address this court's finding that Defendants are absolutely immune from suit in their official capacities or that Dr. Bauman was not individually liable in her supervisory capacity for Kuolt's claims.

The court does not doubt that Kuolt was dazed and confused after he was attacked by another inmate. That, however, is not the issue before the court; the issue is whether Defendants' response to Kuolt's injuries represented deliberate indifference to his serious medical needs. Kuolt presents no new facts or evidence to support his argument that Defendants were deliberately indifferent. He merely reargues that he was not given adequate care for his injury. Kuolt does not rebut Defendants' medical records, showing that he was taken to Oahu Community Correctional Center's ("OCCC") medical facility immediately following the assault and was seen on a regular basis by OCCC medical personnel thereafter. Nor does Kuolt rebut Defendants' records showing that, when his pain persisted he was taken to an outside facility for x-rays. Nor does he provide evidence disputing that, when his broken jaw was discovered, he was immediately taken to Queen's Medical Center and treated on a regular basis, with the very same regimen that OCCC Dr. Zienkiewicz had prescribed.

Kuolt does not provide any new evidence of a strongly convincing nature that ties Dr. Bauman, the Department of Public Safety's Medical Director, to his alleged constitutional injury or lack of adequate medical care. In short, Kuolt provides nothing to convince this court that it should reconsider the December 12, 2005 Findings and reverse its decision. He simply

disagrees with the outcome of the decision, presenting the same arguments that he has propounded since he instituted this action and in opposition to the motion for summary judgment, without the necessary evidentiary or legal support.  As such, this court in its discretion DENIES Kuolt's Motion for Reconsideration.

        IT IS SO ORDERED.

        Dated:  Honolulu, Hawaii, January _30, 2006.



        _____
        Kevin S.C. Chang
        United States Magistrate Judge

Kuolt v. Hawaii, et al., Civ. No. 04-00489 HG/KSC; ORDER DENYING MOTION FOR RECONSIDERATION; dmp/ Orders 06/Kuolt 04-489 Recon MSJ