Matthew Kuoi
T.C.C.F.
295 Hwy 49 South
Tutwiler, MS 38963
Plaintiff pro se

In the United States District Court
For the District of Hawaii

| | |
|---|---|
| Matthew Kuoi<br>Plaintiff<br><br>vs.<br><br>State of Hawaii<br>Dept. of Public Safety<br>et al<br>Defendants | Civil No. 04-00489 HG-KSC<br><br>Plaintiffs Memorandum in Support of Plaintiffs Opposition to Defendant Doctor Zienkiewicz Motion for Summary Judgement |

Plaintiff Matthew Kuoi pro se argues that Deliberate indifference is demonstrated in Defendant Doctor Zienkiewicz actions in denying Plaintiff adequate timely care for a serious injury (Broken Jaw) and that Emergency care was not immediately given such as being transported to a Hospital emergency room where X-rays and Neurologic exam and Concussion exam would have been the common course of medical action and required course of medical action for a highly suspect Broken Jaw when visually it was apparent that blood was dripping out of plaintiffs ear from a strong impact to plaintiffs Jaw.

The fact or after the fact that X-rays were ordered 12 days later after plaintiffs Jaw had fused back together (Crooked) and still no Neurological exam to determine the extent of Nerve damage or Brain damage (Concussion) from injury would reasonably demonstrated deliberate indifference when evidence of a fractured Jaw was verified through X-rays this evidence Contradicts the statement in Defendants Memorandum in Support at page 3 "Dr. Zienkiewicz noted that plaintiff had already been seen by Dental and that a fractured Jaw had

page 1 of 11

2

been ruled out."

So now at the time of the injury that was obviously serious no immediate emergency care was given, then the Doctor Zienkiewicz determines that no fracture is apparent However plaintiff did continue to complain about pain, dislocation of his jaw, inability to eat correctly, dizzyness and facial numbness it was because plaintiff had to pursue adequate Medical care for a seriously painful condition that finally x-rays were taken 12 days later indicating a fracture in contradiction to Doctor Zienkiewicz determination that "a fractured jaw had been ruled out."

After this irrefutable evidence of a fracture there is a high probability that plaintiffs facial numbness and dizzyness probably attributable to the injury and Nerve or Brain damage but still Dr. Zienkiewicz denys the normal course of Medical Care after knowledge of the fracture and does not order any Neurological exams to determine extent of injury.

Emergency hospitalization or examination should have or could have been provided this is the Normal Common procedure for the type of injury plaintiff recieved and even more apparent with blood flowing from the inside of his ear. To say after the fact of the injury that plaintiff recieved adequate timely care for a serious painful injury is deliberate indifference and to date no Neurological exam has been done, However Plaintiff has evidence of a continueing injury and records herein.

Had Plaintiff been treated and cared for immediately doctors may have been able to treat and minimize Nerve damage and Jaw dislocation and Brain Concussion. But we will never know what could have been avoided in respect to Plaintiffs continueing injuries because timely adequate

3

Care was never provided and the critical window is closed.

Plaintiff properly grievanced and exhausted his complaint for inadequate timely care for a serious painful condition this reasonably encompasses the continuing injury that plaintiff received from the denial of adequate timely medical care

Defendants did not ever produce the policy or required action for injuries or impact injuries and action taken by Dr. Zienkiewicz maybe at his own discreation and then again whether or not there are clear medical policies that provide clear instructions protocol, procedure for impact injuries is at this time not known to plaintiff. Plaintiff has not been able to acquire production of documents because of his indigent status but maybe able to present this evidence of a policy and required emergency procedure for the type of injury plaintiff recieved.

Plaintiffs grievances dated Sept 5, 2002 Control No. Ref # 80724 - 2nd grievance dated Sept 18, 2002 Control No. Ref # 80724 - 3rd grievance dated Sept 28th 2002 Plaintiffs first 2 grievances clearly describe his pain Loose teeth, aching face, Lip partially numb, Headache, dizzyness, 2nd grievance "living in pain every day"

Plaintiffs 3rd grievance focus more on timely medical care and timely treatment - However Plaintiff was still in pain and experiencing, disorientation, dizzyness, numbness to the face, Headaches.

The answer to Plaintiff 3rd step grievance refers to the Step II grievance and upholds the decision of the Step II grievance Basically making his complaint in Sept III moot and exhaustion of grievance at the Sept II stage

the assertion that Plaintiff ever said he was not in pain by defendants evidence or that he was healing up and fine is in contradiction to plaintiffs grievances in which he has evidence written in his own hand

page 3 of 11

4

that to the contrary of defendants assertion that he was in no pain and healing and fine is not true.

Plaintiffs grievances clearly state a continuing serious painful condition and a number of medical problems attributable to the injury and resulting from not immediately moving Plaintiff to a hospital for x-rays and bone adjustment or setting. Neurological exam to determine extent of nerve and or brain damage or swelling or concussion, this critical window of opportunity is gone and should have and could have been easily acted upon. Plaintiff was in shock from the impact and disoriented, dizzy and in pain. Medical team and Doctor have a duty to provide adequate timely care when injuries are as obvious as this was.

There is evidence of blood flowing from ear and mouth both visually and observable and in a picture, when a person is injured from an impact to the head in many instances he can not think clearly if a concussion exist as it probably did the injured person is not fully cognitive why in the world would you not immediately take Plaintiff to a hospital does not make sense.

It does not seem that defendants would have done anything differently if plaintiff pursued any more specific claims. Defendants assertion that x-rays 12 days after fracture is adequate and timely does not make sense and to any reasonable person understanding this would agree that critical time for bone adjustment and x-rays is as soon as the injury occurred.

The Dentist at Queens appointment August 26th 2002 told plaintiff that bone adjustment should have been done immediately this would have minimized nerve damage and bone displacement (teeth misalignment) as well as future complications and that plaintiffs Trigeminal Nerve was either compressed or severed because of the fracture and that this is common in

fractures of this kind. The Dentist at Queens agreed that immediate emergency care was necessary in preventing future medical complications from a Broken Jaw. However this is Common Sense.

A reasonable person of common sense and average intelligence would understand upon visual examination of Plaintiffs injuries and upon seeing his mouth bleeding and seeing his ear bleeding and seeing a picture of this and also understanding he had just been slugged in the jaw by a 293 LB man would have called an ambulance or dialed 911.

A reasonable person would not have believed Plaintiff to be fine. A reasonable person would have considered that there was a high probability that Plaintiff was suffering from a Broken Jaw and a strong likelyhood that this was a serious injury requiring immediate emergency care, this is Common Sense.

* Defendants assertion that the Opinion of Medical staff and the Opinion of the Doctor override Common sense of what a reasonable person would understand for an Obviously serious injury is not reasonable and set the standard for adequate timely care for an Obviously serious injury higher than what the Constitution allows because of Opinion.

In determining deliberate indifference a act must conform to the Standards of decency which mark the progress of a Matureing Society sometimes this standard in some cases is diffuse there is so much case law referred to in Defendants motion for Summary Judgement that it confuses the process.

Plaintiff argues a Common Sense application for adequate timely care for an Obvious serious injury that to any reasonable person required immediate emergency care and this was not provided.

6

In injuries such as these there is a window of opportunity to immediately treat and minimize and eliminate foreseeable complication in the future, however that window has closed, the fracture was found 12 days later the bone was already in the healing process and fused back together, the concussion was not treated or even that there was a high probability that there was a concussion or swelling of the brain due to impact trauma all these easly foreseeable immediate injurys and the high probability that they existed was ignored and the window of opportunity to treat and diagnos those probable injuries immediately is gone.

It is predictable that defendant will deny responsibility, and providing adequate timely care for a serious injury was not reasonably done.

Defendant use a example of a prisoner who injured his back during work (see Memorandum at page 8) there is certainly a large difference in a back injury and and a broken jaw moreover plaintiff was bleeding from his mouth and ear defendants particular case law there does not applie there is no similarity and a injured back that was not bleeding is a stretch not a similarity.

Now it would be different if the example defendants used showed that the inmate who injured his back had blood comming from his mouth and ear and 12 days later was found to have a broken back but this is not the case.

Plaintiff has presented evidence herein of exhaustion of grievances also of a continueing injury attributable to not being provided adequate timely care for a serious observable injury. Defendants even after being served with plaintiffs complaint did not consider a neurological exam or provide plaintiff with testing to determine extent of damage done to

7

nerve in his jaw that resulted in facial numbness and periodic drooling, dizzyness that continues, periodic cognitive disfunctions and concentration loss but they are aware of this but have chosen to ignore Plaintiffs continueing injury even when evidence of a serious injury has been shown through X-Rays and Plaintiffs grievances and civil complaint. But defendants assert a matter of opinion and that medical care to date is adequate. Plaintiff is in opposition to defendants theorys as argued in his memorandum herein.

## Qualified Immunity

Government officials enjoy qualified immunity from civil damages "unless" in the light of pre-existing law, the unlawfulness of their conduct is apparent Schwenk, 204 F.3d at 1196 (citation and internal quotation marks omitted) In order to determine whether official is entitled to qualified immunity, a court must (1) identify the right allegedly violated (2) determine whether the right was clearly established, and (3) determine whether a _reasonable_ official would have believed his or her conduct to be lawful Hamilton, 981 F.2d at 1066 (citation omitted) quoting Robinson V. Prunty 249 F.3d 862 at 866 (Qualified Immunity) (2001 - 9th Cir)

Prison inmate sued correctional officer and prison physician in their personal capacities for assault and medical malpractice, even though state would indemnify them if they were required to pay damages to inmate, such that eleventh Amendment immunity did not bar suit; inmates pro se complaint, stating that each defendant was being sued individually and in his/her official capacity was construed liberally to mean that defendants were sued in their personal capacities. U.S.C.A. Const. Amend. 11; West's Ann. Cal. Gov. Code § 844.6 quoting Ashker V. Cal Dept of Corrections 112 F.3d 392 at 392 #3. Federal Courts 269 (9th Cir 1997)

page 7 of 11

Plaintiff has no knowledge of types or kinds of capacities and uses these Case Laws to support his claims against defendant or whichever capacities that applies.

Plaintiff argues Medical Unit was and is plainly incompetent as well as Dr. Zienkiewicz and a pattern of incompetent Medical Care is demonstrated in all the other grievances and civil complaints from inmates against defendant and defendants.

It is a fact that this is the second time Plaintiff has brought a lawsuit against Dr. Zienkiewicz the first lawsuit ended in a settlement. Plaintiff believes that the denial of adequate timely care is a retaliation against Plaintiff for his first lawsuit and or that this type of inadequate timely care is a longstanding practice of deliberate indifference and demonstrated in all other complaints and grievances from inmates against defendant. It is hard for plaintiff to prove a longstanding practice of deliberate indifference and incompetent Medical Care without the evidence. These are problems that indigent pro se inmates face when litigating. But the evidence exist and Plaintiff is trying to produce this for the Court and may have to do this at a later time.

✱ Law.
"Nowhere does Estelle hold that a Federal Court must defer to the judgement of either prison doctors or administrators in deciding whether there was deliberate indifference to an inmates serious Medical Needs."
    quoting Wood v. Sunn 865 F.2d 982 at 990 (9th Cir 1988)

The 9th Cir in Wood at 29 920 also determines if "the situation is incompatible with the evolving standards of decency that mark the progress of a maturing society." Estelle, 429 U.S. at 102, 97 S.Ct at 290" quoting Wood at 990.

✱ <u>Law</u>

"To State Eighth Amendment claim for deliberate indifference to his serious medical needs prisoner must show that officials knew of and disregarded substantial risk of serious harm to health or safety. U.S.C.A. Const. Amend. 8. quoting Johnson v. Meltzer M.D. 134 F.3d 1393 at 1394 #8. Criminal Law. (9th Cir 1998)

✱ Plaintiff alleges that from the evidence that on August 10th 2005 the Day injury occurred plaintiff had a picture taken that showed Blood flowing from mouth and ear this was an observeable and Medical team and Dr. Zienkiewicz both saw this, reasonably they <u>knew</u> and he <u>knew</u> visually that the injury is serious and rather than call an ambulance and have X-Rays taken the Doctor disregarded a substantial risk of serious harm in failing to provide immediate emergency care where bone should have been set or wired and a Neurological examine for Nerve or Brain damage could be properly and correctly accessed and Treated Plaintiff was suffering from a Concussion and continued dizzyness and possible Brain swelling due to impact as well as a fractured Jaw.

Dr. Zienkiewicz never explained why the Obvious escaped him or why a professional doctor after viewing reports and Observing picture and then allow inmate to be taken to the hole rather than an emergency room.

✱ <u>Law</u>

"While Obviousness of risk of harm is not conclusive in establishing that a prison official owed duty to protect prisoner against such harm, and prison official may show that the Obvious escaped him, Official would not escape liability if evidence showed he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist U.S.C.A. Const Amend 8 Farmer v. Brennan 114 S.Ct. 1970 at 1971 at #13 Criminal Law (213.10(1)) (1994)"

10

* Plaintiff alleges that for the defendant a Doctor and a professional there were Obvious and strong inferences of a highly suspect and high probability that Plaintiff sustained a Broken Jaw But did nothing for 12 Days to confirm the Obvious, to say this is not Obvious is Being <u>Deliberately ignorant.</u>

Law

"Whether prison Official had requisite knowledge of substantial risk, so as to have a duty to protect prisoner from harm is Question of fact subject to demonstration in usual ways, including inference from Circumstantial evidence, and fact finder may conclude that prison official knew of substantial risk from the very fact that risk was Obvious. U.S.C.A Const Amend 8. Farmer v. Brennan 114 S.ct. 1971 # 12 Criminal Law."

* Plaintiff alleges Reckless indifference and a Reckless disregard to plaintiffs serious medical need as well as deliberate indifference and deliberate ignorance U.S. v. Jewell 532 F.2d 697 at 697 #5, #6. (9th 1976)

Law

* Eighth Amendment protection against deliberate indifference to prison health problems extends to Conditions that threaten to Cause health problems in the future as well as current health problems. U.S.C.A. Cons Amend 8. Helling v. McKinney 113 S.ct. 2475 (1993) at 2474 # 2. Criminal Law."

Plaintiff alleges that for a Doctor it would be Obvious that a threat exists to plaintiffs future health for not immediately treating a Broken Jaw because setting or adjustment immediately after injury <u>is Critical</u> and Common sense as well as a Neurological exam to determine Concussion, Brain swelling and Nerve damage.

Plaintiff is totally dependent upon prison doctors, administrators, Medical team to perform there duty in regards to a substantially serious injury and a Obviously serious injury which was not done at the Window of Opportunity (Time of injury).

Page 10 of 11

\* Defendants never explained why the Obvious escaped him, the Obvious and Visually Observable Bleeding Mouth and Ear and pain and dizzyness and why the Doctor choose to ignor this and not send plaintiff to Emergency room for X-Rays and other testing to determine extent of injury and proper treatment which could have and should have been done, because this is an easy thing to do and and a logical thing to do, and it could have prevented an injury that threatened future harm from occuring.

To date plaintiff still suffers from complications atheributable to the denial of adequate timely Care for a Obviously serious injury.

Plaintiff declares the statements made herein are true and based on personal knowledge, under the penalty of law to be true.

For the reasons herein plaintiff prays the Honorable Court deny defendant Dr. Zienkiewcz Motion for Summary Judgement

Respectfully Submitted

Dated Oct 17th 2005

Matthew Knott
MATHEW KNOLT
plaintiff pro se

page 11 of 11